| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | Order Filed on March 16, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Carl Gaynor<br><br>Debtor(s) | Case No.: 19-24097 / MBK<br><br>Hearing Date:  03/11/2020<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: March 16, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 07/19/2019, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$2,672.00 PAID TO DATE

$1,322.00 for 28 months beginning 04/01/2020

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $10,461.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that section(s) 3(a) as pertains to District of New Jersey administrative expense is stricken from the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

The secured portion of the claim of NJ Division of Taxation, court claim #5-2, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

Debtors attorney shall file an application for fees within seven days of the entry of the Confirming Order.

Lakeview Loan Servicing LLCc/o Flagstar Bank, FSB, court claim #8-1, shall be paid outside of the Chapter 13 plan. No arrears will be paid through the Chapter 13 Plan; creditor will be paid outside of the Chapter 13 Plan.

Order to be submitted resolving Lakeview Loan Servicing objection within thirty days.

United States Bankruptcy Court
District of New Jersey

In re:  
Carl Gaynor  
    Debtor

Case No. 19-24097-MBK  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-3   User: admin   Page 1 of 1   Date Rcvd: Mar 16, 2020  
                         Form ID: pdf903   Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2020.  
db        Carl Gaynor,   1109 Hope Rd,   Tinton Falls, NJ   07712-3125

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

     ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2020          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2020 at the address(es) listed below:  
        Albert   Russo    docs@russotrustee.com  
        Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation    dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
        Douglas J. McDonough    on behalf of Creditor    Lakeview Loan Servicing, LLC DMcDonough@flwlaw.com  
        Edward   Hanratty    on behalf of Debtor Carl   Gaynor    thanratty@centralnewjerseybankruptcylawyer.com, aaguirre@centralnewjerseybankruptcylawyer.com  
        Gavin   Stewart    on behalf of Creditor    Toyota Motor Credit Corporation    gavin@stewartlegalgroup.com  
        Heather Lynn  Anderson    on behalf of Creditor    State Of New Jersey Division Of Taxation    heather.anderson@law.dol.lps.state.nj.us  
        Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation    kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com  
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
    TOTAL: 8