**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP<br>80 Main Street, Suite 460<br>West Orange, NJ 07052<br>973- 325-8800<br>File No.: 03-019522-B00<br>Douglas McDonough, Esq.<br>Attorney ID: DM0973<br>DMcDonough@flwlaw.com<br>Attorney for Lakeview Loan Servicing, LLC, Secured Creditor | Order Filed on October 14, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Case No.: **19-24097-MBK**<br><br>Chapter 13<br><br>Judge Michael B. Kaplan |
| In Re:<br><br>**Carl Gaynor aka Carl Ellis Gaynor, Jr.**<br><br>　　　　　　　　　　Debtor(s). | |

**ORDER RESOLVING SECURED CREDITOR'S OBJECTION
TO CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED**

**DATED: October 14, 2020**

_/s/ Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor: Carl Gaynor aka Carl Ellis Gaynor, Jr.
Case No.: 19-24097-MBK
Caption of Order: Order Resolving Secured Creditor's Objection to Chapter 13 Plan

This matter having been brought before the Court by Carl Gaynor aka Carl Ellis Gaynor, Jr. (the "Debtor(s)") by and through counsel, Edward Hanratty, Esq. with the filing of a proposed Chapter 13 Plan, and an objection to confirmation of the Chapter 13 Plan having been filed by Lakeview Loan Servicing, LLC (the "Secured Creditor"), who holds a mortgage on the real property located at 1109 Hope Rd, Tinton Falls, NJ 07724 (the "Subject Property"), and this Court having considered the submissions of the parties and the parties having addressed the objection, and for good cause having been shown; it is ORDERED

1. That Secured Creditor's objection to confirmation is hereby overruled subject to the following conditions.

2. That if the Debtor and Secured Creditor do not reach an agreement on a loan modification within 90 days of the date of this order, or by whatever deadline for a loan modification is established in the Order Confirmation the Modified Plan, whichever is earlier, the Debtor shall resume making regular post-petition mortgage payments to Secured Creditor in accordance with the terms of the Note, Mortgage, and any Notice of Payment Change or Loan Modification agreed to between the Secured Creditor and the Debtor(s).

    a. That if the Debtor fails to make any post-petition mortgage payments pursuant to the above paragraph, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Subject Property by filing with the Bankruptcy Court a Certification of Default specifying the failure to comply with this Order.

    b. That if the Debtor and Secured Creditor do not reach an agreement on a loan modification in accordance with paragraph 2, Debtor(s) shall file a proposed

Debtor: Carl Gaynor aka Carl Ellis Gaynor, Jr.
Case No.: 19-24097-MBK
Caption of Order: Order Resolving Secured Creditor's Objection to Chapter 13 Plan

> Modified Plan within 14 days of any deadline addressing how the arrears to Secured Creditor are to be cured.
>
> > i. If the Debtor(s) fail to file a modified plan according to the above paragraph, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Subject Property by filing with the Bankruptcy Court a Certification of Default specifying the failure to comply with this Order.

3. That should the Debtor(s) file a proposed Modified Chapter 13 Plan in the future, this Order shall apply to any confirmed Modified Chapter 13 Plan.

4. That Secured Creditor retains the right to object to any proposed Modified Chapter 13 plan.

5. That Debtor(s) retain(s) the right to object to Secured Creditor's Proof of Claim and any Notice of Payment Change.

6. In the event this case is converted to Chapter 7, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion to bring the account contractually current.

7. If the loan is not brought current within ten (10) days of any conversion to Chapter 7, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Subject Property by filing with the Bankruptcy Court a Certification of Default specifying the failure to comply with this Order.

8. Any Certification of Default filed pursuant to the Order shall be served on the Trustee, the Debtor(s) and Counsel for the Debtor(s).