| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on October 14, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Carl Gaynor<br><br>Debtor(s) | Case No.: 19-24097 / MBK<br><br>Hearing Date:  10/06/2020<br><br>Judge: Michael B. Kaplan<br><br>Chapter: 13 |

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: October 14, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 08/07/2020, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 84 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$4,357.00 PAID TO DATE

$641.00 for 70 months beginning 10/1/20

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $10,461.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the debtor(s) must obtain a loan modification by 1/6/21 or as extended by Loss Mitigation Order.

- Creditor LAKEVIEW LOAN SERVICING, LLC., PACER claim #8-1, will be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Lakeview Loan Servicing, to file an order resolving objection to confirmation within 30 days of confirmation.

The length of the plan is extended to a total of 84 months pursuant to the Cares Act.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-24097-MBK |
| Carl Gaynor | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 14, 2020 | Form ID: pdf903 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 16, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Carl Gaynor, 1109 Hope Rd, Tinton Falls, NJ 07712-3125 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 16, 2020         Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 14, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor Toyota Motor Credit Corporation dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Douglas J. McDonough | on behalf of Creditor Lakeview Loan Servicing  LLC DMcDonough@flwlaw.com |
| Edward Hanratty | on behalf of Debtor Carl Gaynor thanratty@centralnewjerseybankruptcylawyer.com aaguirre@centralnewjerseybankruptcylawyer.com |
| Gavin Stewart | on behalf of Creditor Toyota Motor Credit Corporation bk@stewartlegalgroup.com |
| Heather Lynn Anderson | on behalf of Creditor State Of New Jersey Division Of Taxation heather.anderson@law.dol.lps.state.nj.us |
| Kevin Gordon McDonald | on behalf of Creditor Toyota Motor Credit Corporation kmcdonald@kmllawgroup.com  bkgroup@kmllawgroup.com |
| U.S. Trustee | |

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: Oct 14, 2020 | Form ID: pdf903 | Total Noticed: 1

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 8